**UNITED STATES, Appellee**

v.

**Lee C. BURNELL, Private
U.S. Army, Appellant.**

No. 93–1011.
CMR 9201854.

U.S. Court of Military Appeals.

Argued April 21, 1994.

Decided Aug. 23, 1994.

For Appellant: *Captain Don F. Pollack* (argued); *Lieutenant Colonel James H. Weise, Major Robin L. Hall, Captain Thomas D. Wight* (on brief); *Colonel Stephen D. Smith* and *Major Fran W. Walterhouse.*

For Appellee: *Major Kenneth T. Grant* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Richard A. Galivan, Major James L. Pohl, Captain Robert W. Clark* (on brief).

*Opinion of the Court*

COX, Judge:

On August 25, 1992, appellant was tried by a military judge sitting as a general court-martial in Bamberg, Germany. Pursuant to his pleas, appellant was found guilty of larceny, forgery, and false swearing,[1] in violation of Articles 121, 123, and 134, Uniform Code of Military Justice, 10 USC §§ 921, 923, and 934, respectively. The judge sentenced appellant to a dishonorable discharge, confinement for 10 years, forfeiture of all pay, and a fine in the amount of $2,500.00. Consistent with the terms of a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for 24 months,

---

1. GCMO No. 109 erroneously indicates that the offense was making a false official statement.

forfeiture of all pay, and a fine of $2,500.00. The Court of Military Review affirmed.

■ We specified the following issue for review:

WHETHER THE PRETRIAL AGREE-MENT PROVISION WHICH RE-QUIRED APPELLANT TO BE TRIED BY MILITARY JUDGE ALONE WAS A FREELY CONCEIVED DEFENSE PRODUCT AND THEREFORE NOT VI-OLATIVE OF THE PUBLIC INTER-EST.

■ As part of his offer to plead guilty to the crimes charged, appellant agreed to waive his right to trial before a panel of court members and to request trial by military judge alone. We hold that such restrictive provisions are permissible in military plea agreements and that the Government, when considering a proposed pretrial agreement, is not prohibited from insisting that an accused waive his right to trial by members. RCM 705(c)(2)(E) and (d)(1), Manual for Courts–Martial, United States, 1984 (Change 5).

RCM 705(c)(2)(E) specifically provides that the "promise to waive ... the right to trial by court-martial composed of members" is a permissible term in pretrial agreements. Such a provision may not only originate with the Government, it may also be required by the convening authority before he or she will even consider acceptance of any pretrial agreement. RCM 705(d)(1) and (3); Exec. Order No. 12767, 56 Fed.Reg. 30287–30288 (1991), effective July 6, 1991. *See* 56 Fed Reg. 30299. Likewise, just as a convening authority has no duty to enter into a pretrial agreement, neither does an accused. Pre-sumably, in all cases "the accused will ... enjoy, as an alternative to the Government's terms, unrestricted access to the ultimate remedy—that is, the trial—together with the total panoply of rights and opportunities that

entails." *United States v. Jones,* 23 MJ 305, 309 (CMA 1987) (Cox, J., concurring). If an accused is not satisfied with the terms of a prospective plea agreement, he may step away from the bargaining table and put the Government to the task of proving his guilt beyond a reasonable doubt. Proceeding to trial is the ultimate right of an accused.[2]

■ Of course, any pretrial agreement entered into by an accused must be both "voluntary" and "intelligent." *Brady v. United States,* 397 U.S. 742, 747, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970), *citing Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *see* RCM 705(c)(1)(A). The standard of volun-tariness necessarily implies an accused must be free to accept or reject any offer made by the Government. *Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978). A plea agreement gen-erally will stand unless it is induced by threats, improper harassment, misrepresen-tation, or "promises that are by their nature improper as having no proper relationship to the prosecutor's business." *Brady v. United States,* 397 U.S. at 755, 90 S.Ct. at 1472, *quoting Shelton v. United States,* 246 F.2d 571, 572 n. 2 (5th Cir.1957) (*en banc*), *rev'd on other grounds,* 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958). Although fear of strin-gent punishment may sometimes "jar" crimi-nal defendants into admitting their guilt, such "compulsion" does not rise to the level of involuntariness contemplated by the Con-stitution. 397 U.S. at 750, 90 S.Ct. at 1470.[3]

Appellant freely, voluntarily, and intelli-gently entered into his pretrial agreement. Trial defense counsel's assertions by affidavit state he did not advise appellant "there could be 'no deal' if he" desired trial by court members.[4] He simply told appellant that if he wanted a panel, the Government would no

---

2. We recognize that certain conditions may not be made part of a plea agreement. *See* RCM 705(c)(1), Manual for Courts–Martial, United States, 1984. However, the Government is not required to bargain at all if it is unhappy with any portion of the proposed agreement.

3. The requirement that a pretrial agreement be entered into intelligently generally requires that an accused fully understands the impact of his

plea and the rights he is waiving by entering a plea of guilty. *See, e.g.,* RCM 910(c).

4. Appellant alleged that he was advised by trial defense counsel that the Government would not accept any pretrial agreement which did not include a provision waiving appellant's right to trial by members.

longer agree to a 2–year sentence limitation. The Court of Military Review considered the affidavit of trial defense counsel along with the record of trial and found defense counsel's conduct within proper standards. It is implicit that that court adopted as a matter of fact the assertions of defense counsel concerning the pretrial agreement. Unpub. op. (January 29, 1993). We find no basis to gainsay that determination.[5]

By waiving his right to trial by members, appellant was assured that the confinement portion of his sentence would be limited to imprisonment for 2 years. Similarly, appellant was aware that if he did not agree to the waiver, the Government would not agree to the 2–year sentencing cap. Appellant understood the terms of the pretrial agreement and voluntarily accepted the Government's offer.

Accordingly, we hold that appellant's decision to waive his right to trial by members was both voluntary and intelligent, and was not violative of the public interest.

The decision of the United States Army Court of Military Review is affirmed.

Judges CRAWFORD, GIERKE, and WISS concur.

SULLIVAN, Chief Judge (concurring in the result):

I agree with the majority opinion that appellant's case should be affirmed. The record makes clear that appellant's offer to waive trial by members was a freely conceived defense product. I disagree with dicta in this opinion purporting to overrule the long-established prohibition of this Court on government induced waivers of the right to trial by members, *e.g., United States v. Zelenski,* 24 MJ 1 (CMA 1987); *United States v. Jones,* 23 MJ 305 (CMA 1987); *United States v. Schmeltz,* 1 MJ 8 (CMA 1975).

---

5. Even if the Government had declined to offer any sentence limitation unless appellant agreed to be tried by military judge alone, the Government would not be depriving appellant of anything to which he was entitled. Again, appellant has a right to a fair trial; he does not have a right to a sentence-limiting, pretrial agreement.