### UNITED STATES

v.

**Michael W. FRICKE, 265–27–0767, Lieutenant Commander (O–4), U.S. Navy.**

**NMCM 96 01293.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 30 Aug. 1994.

Decided 10 March 1998.

---

548

Louis B. Font, Civilian Defense Counsel.

LT R.A. Rice Jr., JAGC, USNR, Appellate Defense Counsel.

LT E. Rubiella, JAGC, USNR, Appellate Defense Counsel.

LCDR Christian L. Reismeier, JAGC, USN, Appellate Government Counsel.

Before CLARK, Senior Judge, and WYNNE and LEO, Appellate Military Judges.

WYNNE, Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's response. The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. We affirm the findings and sentence; our reasoning is set out below.

1. I. APPELLANT'S GUILTY PLEA IS VOID IN VIOLATION OF ARTICLE 45, UCMJ, AND R.C.M. 910 IN THAT APPELLANT PLEADED GUILTY TO A CAPITAL OFFENSE.

II. APPELLANT'S TRIAL LACKED JURISDICTION BECAUSE APPELLANT WAS TRIED BEFORE A JUDGE ALONE IN A CASE FOR WHICH THE DEATH PENALTY COULD HAVE BEEN ADJUDGED.

III. APPELLANT IS ENTITLED TO ADDITIONAL ADMINISTRATIVE TIME CREDIT FOR HAVING BEEN ILLEGALLY CONFINED PRIOR TO TRIAL, AND ADDITIONAL ADMINISTRATIVE TIME CREDIT FOR HAVING BEEN SUBJECTED TO INHUMANE PRETRIAL PRISON CONDITIONS FOR 326 DAYS.

IV. THE MILITARY JUDGE ERRED IN FAILING TO SUPPRESS WIRETRAP EVIDENCE. (Footnote omitted.)

V. ASSISTANT TRIAL COUNSEL ENGAGED IN MISCONDUCT AND SHOULD HAVE BEEN DISQUALIFIED BY THE MILITARY JUDGE. (Footnote omitted.)

VI. THE CONVENING AUTHORITY ILLEGALLY REFERRED THE CASE TO TRIAL ON THE BASIS OF INFORMATION WHICH HE WAS PROVIDED OUTSIDE THE RECORD OF THE ARTICLE 32, UCMJ, INVESTIGATION. (Footnote omitted.)

VII. APPELLANT'S TRIAL DEFENSE COUNSEL WERE INEFFECTIVE. (Footnote omitted.)

### A Summary of the Case and the Appellant's Claims

In accordance with his pleas, the appellant was convicted of the premeditated murder of his wife in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (1994) [hereinafter UCMJ]. The appellant entered his pleas pursuant to a pretrial agreement and was sentenced by the military judge under the provisions of that agreement. *See United States v. Burnell,* 40 M.J. 175 (C.M.A.1994).

The appellant's case was originally referred to trial without special instructions precluding the court from adjudging the death penalty. *See* RULES FOR COURTS-MARTIAL 103, 601, 1003, and 1004, MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.]. In the pretrial agreement the convening authority agreed to "withdraw the capital referral" and suspend all confinement in excess of 30 years. In return, the appellant agreed to plead guilty and be sentenced by the military judge. Appellate Exhibits CCXII and CCXIII.[2]

The appellant now contends that his plea of guilty and the subsequent trial by military judge alone violated Articles 18 and 45(b), UCMJ, 10 U.S.C. §§ 818 and 845(b).

The appellant also says that even if his pleas were valid he was punished prior to trial in violation of Article 13, UCMJ, 10 U.S.C. § 813, and that he ought to receive appropriate credit against his sentence. *See* Art. 13, UCMJ, 10 U.S.C. § 813; *United States v. Suzuki,* 14 M.J. 491 (C.M.A.1983). We consider this claim at some length, but the appellant raises several spurious claims which we reject summarily as having no basis in law or fact.

### The Legality of Appellant's Pleas of Guilty and his Trial by Military Judge Alone, Assignments of Error I and II

Articles 18 and 45(b) of the Uniform Code of Military Justice, 10 U.S.C. §§ 818 and 845(b), taken in tandem, require a full trial by members before the death penalty may be adjudged. The accused can, on the other hand, plead guilty to a lesser-included offense even when death may be adjudged for the greater offense charged. H.R. 2498, 81st Cong. (1949), *reprinted in* INDEX AND LEGISLATIVE HISTORY: UNIFORM CODE OF MILITARY JUSTICE 1056-57 (1950); S. REP. No. 1601 (1968), *reprinted in* 1968 U.S.C.C.A.N. 4501, 4505.

A plea of guilty and the imposition of sentence by a military judge are not precluded by Article 18 or 45(b), UCMJ, 10 U.S.C. § 818 or 845(b), as long as a sentence of death may not be adjudged based on that plea and those proceedings. *Compare United States v. Wheeler,* 10 USCMA 646, 28 C.M.R. 212 (1959)(plea to premeditated murder valid if death may not be adjudged), *with United States v. Dock,* 28 M.J. 117 (C.M.A. 1989)(pleas invalid and death adjudged).

In this case no sentence of death could be adjudged, but the appellant asserts that his case is different because his pleas of guilty were entered near the end of the Government's case-in-chief and under the specter of the death penalty.

"[A] plea of guilty is not invalid merely because entered to avoid the possibility of a death penalty." *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). As to the unusual timing, the appellant's "pleas of guilty ... [were] no more improperly compelled than is the decision ... at trial that he must take the stand or face certain conviction." *Id.* at 750, 90 S.Ct. at 1470.

The accused chooses if and then when he will attempt to enter a plea of guilty, but after conviction, absent unlawful coercion, the accused is bound by his plea. The appellant does not allege that his statements are

---

2. It might have been better, semantically, if the pretrial agreement had required the convening authority to forward "proper instructions" providing that a sentence of death could not be adjudged rather than agreeing to withdraw the capital referral. *See* R.C.M. 601(e)(1). We are, however, sympathetic to the parties' drafting burden. The confusion may be born from the inconsistent use of "[ ]capital case" and cases in which "death [ ] may be adjudged". For example, *compare* Art. 18, UCMJ, 10 U.S.C. § 818, *and* R.C.M. 201, *with* Art. 45, UCMJ, 10 U.S.C. § 845, *and* R.C.M. 1004. We cut this Gordian knot by deciding the case on the merits of the agreement.

untrue. The appellant does not claim that the facts he admitted fail to constitute the crime of premeditated murder. We will not set aside his valid plea of guilty. *See generally United States v. Vega,* 39 M.J. 79, 80–81 (C.M.A.1994)(citing *United States v. Prater,* 32 M.J. 433 (C.M.A.1991)); *United States v. Logan,* 22 U.S.C.M.A. 349, 351, 47 C.M.R. 1, 3, 1973 WL 14641 (1973).

### The Article 13, Pretrial–Punishment Claim

■ The appellant asserts that he was punished prior to trial in violation of Article 13, UCMJ, 10 U.S.C. § 813, and that his trial defense counsel "failed to litigate [the issue] at trial." Assignment of Errors and Brief on Behalf of Appellant at 29. The paradigm created in *United States v. Ginn,* 47 M.J. 236 (1997), is applicable to appellant's pretrial-punishment claim.

The appellant was a field-grade officer lawfully confined prior to trial for the most heinous of crimes. The conditions of appellant's confinement were no doubt arduous, but extensive restrictions on the accused's personal freedom are inherent in the rational imposition of confinement separate from sentenced prisoners. *See generally United States v. Huffman,* 40 M.J. 225 (C.M.A.1994). Most of the "facts alleged in [appellant's affidavits] . . . would not result in relief even if any factual dispute were resolved in appellant's favor[.]" *Ginn,* 47 M.J. at 248.

The appellant made his first complaint regarding the conditions of his confinement nearly a year after his trial. Petition for Clemency of 12 June 1995. The affidavit the appellant submitted to this court, 3 years later, describes in much greater detail the conditions of his pretrial confinement. Under these circumstances "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability" of the remainder of the appellant's affidavits. *Ginn,* 47 M.J. at 248.

### The Appellant's Other Claims

We summarily find that the appellant's remaining claims are without merit:

The appellant personally and affirmatively waived any issue regarding the admissibili-

ty of evidence. Record at 1399. Assignment of Error IV has no merit.

The trial defense team objected to testimony regarding the photographic identification of someone other than the accused. This out-of-court identification was never offered or admitted. Record at 591. Assignment of Error V has no merit.

The convening authority properly referred this case to trial. R.C.M. 601. Assignment of Error VI has no merit.

The appellant's "claim of ineffective representation contradicts a matter that is within the record of a guilty plea" and is without merit. *Ginn,* 47 M.J. at 248. Assignment of Error VII has no merit.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CLARK concurs.

LEO, Judge (dissenting):

I dissent from the majority's cursory dismissal of the appellant's claim of pretrial punishment. I believe that the appellant has put forth a sufficient claim to warrant a remand of this issue for a *DuBay* proceeding.

While the appellant's failure to raise a claim of pretrial punishment at the trial level does not waive the issue, it is "strong evidence that [he was] not being punished in violation of Article 13[, UCMJ, 10 U.S.C. § 813]." *Huffman,* 40 M.J. at 227. The untimeliness of the claim, therefore, is but one factor—albeit a significant factor—which must be considered with all other evidence before this court.

Unlike *Huffman,* however, there is *no evidence* in this record to assist us in determining whether the challenged conditions were intended as punishment or were "reasonably related to a legitimate goal." *Id.* at 227 (quoting *Bell v. Wolfish,* 441 U.S. 520, 539, 99 S.Ct. 1861, 1874, 60 L.Ed.2d 447 (1979)). What we have, instead, are conflicting posttrial affidavits submitted by the appellant and the Government.

Our superior court recently held that "Article 66(c)[, UCMJ, 10 U.S.C. § 866(c) ] does not authorize a Court of Criminal Appeals to

decide disputed questions of fact pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the parties." *Ginn*, 47 M.J. at 243.

Accordingly, we must initially look to the appellant's supporting affidavits to determine whether they assert "specific facts" or merely "speculative or conclusory observations." If the affidavits are factually adequate on their face, we then look to the appellate filings and the record as a whole to determine if they " 'compellingly demonstrate' the improbability of those facts" such that we may discount the appellant's factual assertions and decide the legal issue without remand to the trial level for a *DuBay* proceeding. *Id.* at 248.

In this instance, the appellant's affidavits are compelling in their specificity regarding the conditions of his pretrial confinement. He alleges that he was kept in a lockdown status with confined prisoners who were in disciplinary segregation for 326 days, wherein he was (1) confined to a small 6x8 cell for 23 hours a day, (2) required to sit at a small school-like desk from 0430 to 2200 hours each day, (3) allowed very limited access to reading material, and (4) was not allowed to participate in any prison programs. He additionally claims that his brig counselor told him that he was kept in these conditions to break him and make him confess. The appellant's assertions are substantially corroborated by the supporting affidavit of Major L, a fellow-officer who was incarcerated in the adjoining cell during a portion of the appellant's pretrial confinement.

The appellant, in his affidavits, also attempts to rebut the untimeliness of his claim by asserting that he wanted to raise the issue at trial, but instead was told by the members of his trial defense team that he should raise it on appeal. Attachment A to LCDR Fricke affidavit of 22 July 1997, at 1, Motion to Attach Documents of 22 August 1997. We have nothing from either of the trial defense counsel confirming or denying the appellant's assertion. However, if true, it could significantly lessen the evidentiary value of not raising this issue at trial.

The terms and conditions of confinement will not be dictated by an accused, but rather "should always be left up to the correctional facility commanders and the respective services." *United States v. Palmiter*, 20 M.J. 90, 96 (C.M.A.1985). Nonetheless, Chief Judge Everett, in his concurrence, opined that some of the same conditions alleged by the appellant were "far more onerous than would be required to assure the detainee's presence and so they violated Article 13." *Id.* at 99.

The Government's sole response is an affidavit from the Director of Corrections at Naval Brig Norfolk, which attempts to rebut the appellant's claims with generalities and conclusory observations like "LCDR Fricke ... was afforded all privileges possible" and "if LCDR Fricke did not watch TV or read other than the Bible, it must have been by personal choice." The off-handed manner of this response is not what I expect to see from the Government in addressing an important issue before this court. It only underscores the need to remand this case for a post-trial evidentiary hearing.

In summary, there is no basis in the appellate filings or the record as a whole to support the majority's finding that the improbability of the appellant's factual assertions has been "compellingly demonstrated" on this claim of pretrial punishment. Moreover, if the factual assertions of the appellant were borne out in his favor at a *Dubay* proceeding, I believe he would be entitled to some meaningful relief.