**UNITED STATES, Appellee**

**v.**

**Jeremy K. EDWARDS, Airman Basic**
**U.S. Air Force, Appellant**

No. 02-0229/AF

Crim. App. No. ACM S29885

United States Court of Appeals for the Armed Forces

Argued October 15, 2002

Decided January 28, 2003

ERDMANN, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, EFFRON, and BAKER, JJ., joined.

Counsel

For Appellant:  Major Patricia A. McHugh (argued); Colonel
    Beverly B. Knott and Major Jeffrey A. Vires (on brief).

For Appellee:  Lieutenant Colonel Lance B. Sigmon (argued);
    Colonel Anthony P. Dattilo (on brief); Lieutenant
    Colonel LeEllen Coacher, Major Mitchel Neurock, and
    Major Bryan T. Wheeler.

Military Judge:  James L. Flanary

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION

United States v. Edwards, 02-0229/AF

Judge ERDMANN delivered the opinion of the Court.

A special court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of one specification of wrongful use of lysergic acid diethylamide (LSD) and one specification of wrongful use of marijuana, both in violation of Article 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 912a (2002). Appellant was sentenced to a bad-conduct discharge and confinement for four months. The convening authority approved the sentence as adjudged, and the Air Force Court of Criminal Appeals (CCA) affirmed the findings and sentence.

On Appellant's petition, we granted review of the following issue:

> WHETHER IT IS AGAINST PUBLIC POLICY TO REQUIRE AN ACCUSED
> TO WAIVE HIS RIGHT TO ALERT THE COURT, IN AN UNSWORN
> STATEMENT, OF THE VIOLATIONS OF HIS RIGHTS TO HAVE COUNSEL
> PRESENT WHEN HE WAS INTERROGATED BY MILITARY CRIMINAL
> INVESTIGATORS IN ORDER TO BE PERMITTED TO OBTAIN A PRETRIAL
> AGREEMENT.

## FACTS

Appellant entered the Air Force in February 2000 and was assigned to the 335th Training Squadron, Keesler Air Force Base, Mississippi, at all times relevant to the charge and specifications in this case. On May 20, 2000, Appellant and two

2

of his fellow classmates, Airman Basic (AB) Choyss Lowery and Airman Adam Saunders, took a trip to New Orleans to hang out and have some fun.  Once in New Orleans they walked down Bourbon Street, stopping in bars and trying to meet women.  They eventually entered into conversation with two women, one of whom had purple hair.  Following some conversation, the purple-haired woman invited the airmen to her house.

When they arrived at her house, Appellant noticed marijuana sitting on a table.  He asked the woman if he could have some marijuana, and she said that he could.  Appellant then rolled a marijuana cigarette, lit it and smoked it.  The woman and AB Lowery shared the marijuana cigarette with Appellant.  The woman later offered the airmen some "acid."  She handed an Altoid breath mint that contained LSD to Appellant and AB Lowery.  Both Appellant and AB Lowery swallowed one breath mint containing the LSD.

The Air Force Office of Special Investigations (AFOSI) conducted an investigation, and Appellant was subsequently charged.  Appellant was represented by the Area Defense Counsel (ADC) at Keesler Air Force Base who provided notice of the representation to the AFOSI and informed them that all requests for questioning must go through him.  After this notice the

AFOSI directly contacted Appellant and, unbeknown to his defense counsel, conducted an interrogation.[1]

During the pretrial stages of the case, the parties discussed terms for a pretrial agreement in which appellant would plead guilty in exchange for a four-month cap on confinement. The defense counsel later submitted the pretrial notice required by Uniform Rules of Practice Before Air Force Courts-Martial Rule 3.1(D) (2002) [hereinafter Uniform Rules].[2] This notice included a summary of Appellant's intent to raise in his unsworn statement alleged constitutional violations that occurred as a result of the AFOSI interrogation.

After the Government received this notice, it informed the defense counsel that it would not support the pretrial agreement if Appellant intended to discuss any alleged violation of his constitutional rights. Following consultation with his defense counsel, Appellant agreed to accept the new terms of the pretrial agreement.

---

[1] It is not contested that the AFOSI questioning centered on the conduct of the other two airmen and did not elicit or result in any evidence that could have been used against Appellant.

[2] This rule requires the defense to provide notice of any matter arguably inadmissible, irrelevant or immaterial that may be included in the accused's unsworn statement.

The language of the pretrial agreement provides, in pertinent part, as follows:

> h. Agree to waive any motion regarding my constitutional rights to counsel and my right to remain silent during AFOSI interviews and other questioning conducted by the AFOSI that occurred after I was represented by counsel. In addition, I agree not to discuss any of the circumstances surrounding my interrogation or questioning during my care [sic] inquiry, any sworn statement, any unsworn statement during my trial. Although it was my intention to discuss these matters at my trial, I specifically waive my rights to discuss these matters to gain the benefit of this pretrial agreement.[3]

The military judge recognized that this provision of the pretrial agreement might involve public policy considerations. As part of his inquiry into the terms of the pretrial agreement the military judge stated: "And in order to ensure that this does not violate public policy, I am going to inquire into that now during this particular inquiry." The military judge then launched into the following inquiry:

> MJ: And sir, also you state that originally you were intending to discuss these matters at trial, but you specifically waived the right to discuss these matters to gain the benefit of the pre-trial agreement. Is that correct?

---

[3] Appellant limits his appeal to whether the provision in the pretrial agreement in which he waived his right to raise the interrogation by the AFOSI in his unsworn statement violates public policy. The pretrial agreement also contains language that could be construed to constitute a waiver of appellant's right to raise the issue in his Care inquiry. While the language was obviously not interpreted in that manner by the parties below, the Court notes that any provisions of a pretrial agreement that inhibit the providence inquiry or the inquiry into the pretrial agreement would not be appropriate. See Article 45(a), UCMJ, 10 U.S.C. § 845(a) (2002); Rule for Courts-Martial 910(e)-(f); United States v. Green, 1 M.J. 453 (C.M.A. 1976); United States v. Care, 18 C.M.A. 535, 539-42 (1969).

ACC: Yes, sir.

MJ: And you realize that, obviously, you have got the right to bring these matters to the court's attention in your unsworn statement, or potentially through sworn statements, either one, both in the finding – well, at least sworn testimony in the findings aspect, if you had plead not guilty, and in the unsworn and sworn both in the sentencing aspect, should it have gone to sentnecing [sic]. Do you realize that?

ACC: Yes, sir.

MJ: Okay. And you also realize that these could be mitigating factors for sentencing, which potentially could reduce the sentence that I would impose. And, had this gone to finding, rather than a plea of guilty, potentially some of the evidence could have been excluded, based upon these as potential violations, had the court so found that they were violations. Do you understand that?

ACC: Yes, sir.

MJ: Okay. And I know this is a lot of stuff to be asking you, but I want to get it clear on the record for a potential appellate review, and that is being fully cognizant and aware of this potentiality, had you succeeded on the motions and pled not guilty, some of the evidence may have been excluded, which could have potentially resulted in an acquittal upon you, or that some of the stuff that had been brought before the court's attention potentially could be a mitigating factor in sentencing. Do you fully realize that?

ACC: Yes, sir.

MJ: And, with that in mind, is it still your desire to waive these matters and not pursue them at the trial?

ACC: Yes, sir.

On appeal to the CCA, Appellant argued both that his sentence was inappropriately severe, and that the noted pretrial agreement provision was against public policy and, therefore,

should not be enforced.  The CCA found that the sentence was appropriate and that the pretrial agreement did not violate Rule for Courts-Martial 705 [hereinafter R.C.M.].  We subsequently granted review.


## DISCUSSION

Rule for Courts-Martial 705 addresses various rules regarding the use of pretrial agreements in court-martial proceedings.  The provisions pertinent to this case are as follows:

> (c) (1) Prohibited terms or conditions.
>   (A) Not Voluntary.  A term or condition in a pretrial agreement shall not be enforced if the accused did not freely and voluntarily agree to it.
>   (B) Deprivation of certain rights.  A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; the complete and effective exercise of post-trial and appellate rights.
>     . . . .
> (d) (3) Acceptance.  The convening authority may either accept or reject an offer of the accused to enter into a pretrial agreement or may propose by counteroffer any terms or conditions not prohibited by law or public policy.  The decision whether to accept or reject an offer is within the sole discretion of the convening authority. . . .

7

In the present case, Appellant does not challenge the meaning or scope of the provision at issue, nor does he assert that his waiver was not knowing and voluntary. Appellant argues only that the pretrial agreement violates public policy because it prohibited him from discussing, in his unsworn statement, the circumstances surrounding AFOSI's interrogation of him. Appellant does not argue that he was wrongly deprived of the right to raise this issue in a motion or through other witnesses. He does not allege that the interrogation produced evidence that would have been used against him at trial, nor does he argue that his plea was involuntary.

Therefore, we need only determine whether the challenged provision in the pretrial agreement violated public policy. In turn, if the provision is not contrary to public policy or R.C.M. 705, an accused may waive the underlying right if that waiver is knowingly and voluntarily executed.

To the extent that a term in a pretrial agreement violates public policy, it will be stricken from the pretrial agreement and not enforced. See R.C.M. 705(c)(1)(B); United States v. Clark, 53 M.J. 280, 283 (C.A.A.F. 2000). Under those circumstances, public policy prohibits the accused from waiving the underlying right or privilege as part of the pretrial agreement. Consequently, when pretrial agreements are

challenged based upon alleged violations of public policy, the cases invariably discuss the issue in the context of waiver.

Criminal defendants may knowingly and voluntarily waive many rights and Constitutional protections. See, e.g., Ricketts v. Adamson, 483 U.S. 1, 10 (1987); Boykin v. Alabama, 395 U.S. 238, 243 (1969); Johnson v. Zerbst, 304 U.S. 458, 465 (1938). Further, the U.S. Supreme Court has held that "absent some affirmative indication of Congress' intent to preclude waiver, we have presumed that statutory provisions are subject to waiver by voluntary agreement of the parties." United States v. Mezzanatto, 513 U.S. 196, 201 (1995). In United States v. McFadyen, 51 M.J. 289 (C.A.A.F. 1999), this Court noted that an accused may waive significant rights as part of a pretrial agreement and held that an accused could waive his right to challenge his pretrial treatment in a pretrial agreement. Id. at 290-91 (citing United States v. Rivera, 46 M.J. 52 (C.A.A.F. 1997)) (an accused may waive evidentiary objections); United States v. Weasler, 43 M.J. 15, 19 (C.A.A.F. 1995) (where unlawful command influence in the preferral of charges was alleged, it was permissible for the accused to offer to waive unlawful command influence); United States v. Burnell, 40 M.J. 175 (C.M.A. 1994) (waiver of trial by court-martial composed of

members); <u>United States v. Gansemer</u>, 38 M.J. 340 (C.M.A. 1993)

(waiver of administrative board is permissible)).


The Court in <u>McFadyen</u>, however, also voiced concern that

Article 13, UCMJ, 10 U.S.C. § 813 (2002), (pretrial punishment)

waivers should only be executed with full knowledge of the

implications of the waiver and provided a procedure that

military judges should follow when faced with a pretrial

agreement containing an Article 13 waiver.  This procedure

requires the military judge to inquire into the circumstances of

the pretrial confinement and the voluntariness of the waiver,

and to ensure that the accused understands the remedy to which

he would be entitled if he made a successful motion.  <u>Id.</u> at

291.  The analysis of the military judge in this case was

consistent with <u>McFadyen</u>, adjusted to address the specific

waiver raised here.[4]


Rule for Courts-Martial 705(c)(1)(B) does not prohibit an

accused from waiving his right to notify the court of the

circumstances surrounding AFOSI's interrogation of him without

notice to his defense counsel.  While Appellant argues that the

waiver deprived him of a "complete sentencing proceeding"

---

[4] <u>McFadyen</u> was not cited by the military judge, and it is not evident from the record he either referred to <u>McFadyen</u> or developed a similar analysis on his own volition out of an abundance of caution.

pursuant to R.C.M. 705(c)(1)(B), the right to make an unsworn statement is not unlimited. R.C.M. 1001(c)(2)(A) provides that an unsworn statement may be made "in extenuation, in mitigation, or to rebut matters presented by the prosecution, or for all three purposes whether or not the accused testified prior to findings." The fact that appellant was interrogated outside the presence of counsel, even if not justified or excusable, does not serve to "explain the circumstances" of the offense, tend to "lessen the punishment to be adjudged," or rebut anything presented by the prosecution. See R.C.M. 1001(c)(1). In this case, voluntarily waiving the right to raise this issue in an unsworn statement did not deprive appellant of a "complete sentencing proceeding."

Finally, Appellant points out that his initial understanding with the Government concerning the substance of the pretrial agreement did not include the provision that required Appellant not to discuss the AFOSI questioning. It was only after the notification pursuant to Uniform Rules Rule 3.1(D) that the Government insisted on the contested provision. Appellant appears to argue that the Government should be required to honor the initial pretrial agreement discussions.

Prior to the finalization of the pretrial agreement the Government proposed an additional term. Rule for Courts-Martial 705 clearly provides that acceptance of the pretrial agreement is solely within the discretion of the convening authority. The convening authority was not bound by the initial discussions between the Government and the defense counsel. Moreover, the Government in this case was not estopped from changing their position on the proposed agreement. At that point the Appellant could have choosen to either accept the pretrial agreement or reject it and go to trial, where he could have raised any appropriate issue in an unsworn statement.

CONCLUSION

The military judge in this case conducted an appropriate inquiry into whether Appellant understood the implications of the waiver, and whether it was voluntarily and knowingly executed. We agree with the military judge's determination that the waiver was voluntarily and knowingly executed. Under the facts presented in this case, we hold that Appellant's waiver of his right to discuss, in his unsworn statement, that the AFOSI interrogated him without notifying his defense counsel does not violate public policy.

12

The decision of the Air Force Court of Criminal Appeals is therefore affirmed.