# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HERRING, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class GEORGE D. MACDONALD**
**United States Army, Appellant**

ARMY 20091118

Headquarters, United States Army Maneuver Center of Excellence
Deidra J. Flemming and Michael J. Hargis, Military Judges (rehearing)
James L. Pohl, Military Judge (trial)
Colonel Charles C. Poché, Staff Judge Advocate (rehearing pretrial)
Colonel Wendy P. Daknis (rehearing post-trial)
Colonel Tracy A. Barnes, Staff Judge Advocate (pretrial)
Lieutenant Colonel Mary M. Foreman, Staff Judge Advocate (post-trial)

For Appellant:  Major Christopher D. Coleman, JA; Captain Joshua G. Grubaugh, JA.

For Appellee:  Lieutenant Colonel A.G. Courie, JA.

27 January 2017

---------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------

Per Curiam:

Appellant stipulated to the central facts of this case.

On 13 May 2008, appellant began contemplating killing someone.  Four days later, appellant emailed his girlfriend asking if she would still love him if he killed someone.  The next day, on 18 May 2008, appellant walked into a platoon bay at Fort Benning Georgia where Private (PVT) RB was asleep on his bunk.  Appellant then thought about killing PVT RB for half a minute.  He then attacked the sleeping soldier with a knife.

Appellant stabbed PVT RB in the neck.  Private RB awoke and tried to fend of the attack, crawl away, and escape under his bunk.  Appellant continued to stab and slash PVT RB and pull him back out from under his bunk.  In total, appellant stabbed and slashed PVT RB fifty-seven times and assaulted a soldier who attempted to intervene in the murder.

Private RB did not die immediately. He died at the hospital when doctors were unable to stop the bleeding from the multiple wounds. Private RB had been in the Army three days and had no prior interaction with appellant.

At appellant's first court-martial, he was found guilty of premeditated murder (among other offenses) and sentenced to confinement for life without the possibility of parole. Because of instructional error, the Court of Appeals for the Armed Forces (CAAF) set aside the conviction but authorized a rehearing. *United States v. McDonald*, 73 M.J. 426, 439 (C.A.A.F. 2014) ("*McDonald I*").

At the rehearing, appellant pleaded guilty and a military judge, sitting as a general court-martial, convicted appellant of resisting arrest, unpremeditated murder, assault consummated by battery, and aggravated assault, in violation of Articles 95, 118, and 128 of the Uniform Code of Military Justice, 10 U.S.C. §§ 895, 918, 928 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for forty-five years, total forfeitures, and reduction to the grade of E-1. The military judge and convening authority credited appellant with 2,669 days of credit against the sentence to confinement.

This case is before us for review pursuant to Article 66, UCMJ. Appellant assigns no errors, but personally submitted matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). The issues raised personally by appellant do not merit relief.[*]

In our review of the record, we note one issue not raised by appellant. Prosecution Exhibit 2 is a stipulation of fact addressing the drug Chantix. In his first court-martial, appellant's defense included evidence that he was not criminally responsible for the murder because of his ingestion of Chantix. *See McDonald I*, 73 M.J. at 438. At his rehearing, appellant specifically disavowed any defense of involuntary intoxication or lack of mental responsibility stemming from his ingestion of Chantix. However, Pros. Ex. 2, in addition to stipulating facts regarding the effects of the drug Chantix, contains an agreement between the prosecution and the accused that Pros. Ex. 2 "is the only evidence that will be

---

[*] Appellant first complains that while pending the rehearing he was in a no-pay status. At trial, appellant litigated this issue as a violation of the 13th Amendment. We find the military judge did not abuse his discretion in denying the motion. *See United States v. Howell*, 75 M.J. 386, 392 (C.A.A.F. 2016). Appellant next complains that the military judge abused his discretion in not granting Rule for Courts-Martial [hereinafter R.C.M.] 305(k) credit when, while pending rehearing, he was confined with post-trial prisoners. The military judge's findings of fact were not clearly erroneous and his denial of the motion was not an abuse of discretion.

admitted regarding Chantix . . . ." and that "[n]either side will call any experts, lay witnesses, or present any other documentation regarding Chantix . . . ."

This agreement, which prohibited the parties from introducing evidence in sentencing, possibly violated R.C.M. 705(c)(1)(B) (a pretrial agreement may not deprive an accused of "the right to complete sentencing proceedings."). As the United States Supreme Court has stated, "[a] contract to deprive the court of relevant testimony . . . stands on a different ground than one admitting evidence that would otherwise have been barred by an exclusionary rule." *United States v. Mezzanatto*, 513 U.S. 196, 204-05 (1995); *see also United States v. Sunzeri*, 59 M.J. 758 (N.M. Ct. Crim. App. 2004) (Term that prohibited accused from presenting evidence (by any means) from any witness who lived outside the island of Oahu was improper). However, in the context of the entire case, we find any error to be harmless. *See United States v. Edwards*, 58 M.J. 49, 53 (C.A.A.F. 2003) ("[V]oluntarily waiving the right [to present certain information in an unsworn statement] did not deprive appellant of a 'complete sentencing proceeding'" and did not violate public policy).

Having reviewed the entire record of trial, we determine the findings and sentence are correct in law and fact and should be approved.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3